# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SWEET CRAFT LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 14-2187-SAC |
| | ) |
| OPERATIONAL SOLUTIONS, INC. | ) |
| and KENT GOSS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the court upon Plaintiff Sweet Craft Limited's Motion for Sanctions (ECF No. 18). Defendants Operational Solutions, Inc. and Kent Goss oppose the motion. For the reasons stated below, the magistrate judge respectfully recommends the district judge render default judgment against these defendants in an amount to be determined by the district judge.

### I.   Relevant Background

Plaintiff brings claims against defendants for breach of fiduciary duty, negligent misrepresentation, unjust enrichment/quantum meruit, breach of contract, fraud, and conversion.[1] On August 6, 2014, the court held a scheduling conference and subsequently entered a scheduling order providing a discovery deadline of January 16, 2015.[2] On August 22, 2014, plaintiff noticed the deposition *duces tecum* of Operational Solutions' 30(b)(6) representative, set for September 23, 2014.[3] Plaintiff states the parties agreed to reschedule the deposition to allow

---

[1] Compl., ECF No. 1.

[2] Scheduling Order at 4, ECF No. 10.

[3] Notice of Videotaped Dep. Duces Tecum of Designated Authorized Representative of Operational Solutions, Inc. at 1, ECF No. 11.

for continued settlement talks, which ultimately proved unsuccessful. On October 30, 2014, plaintiff served requests for production and interrogatories.[4] On November 14, 2014, plaintiff again noticed the deposition *duces tecum* of Operational Solutions' 30(b)(6) representative, set for December 15, 2014.[5] On December 11, 2015, Operational Solutions' counsel notified plaintiff's counsel that Operational Solutions would not produce a 30(b)(6) representative to appear at its deposition.[6] Plaintiff did not consent to postponing or suspending the deposition. Instead, plaintiff's counsel appeared for the deposition and made a record of Operational Solutions' failure to appear.[7] Both defendants also failed to timely respond to plaintiff's written discovery.

On January 7, 2015, plaintiff filed an unopposed motion to compel discovery, for sanctions, and for extensions of scheduling order deadlines.[8] On January 21, 2014, the court granted in part and denied in part the motion. Specifically, the court ordered defendants to respond without objection within fourteen days to the First Interrogatories of Plaintiff Sweet Craft Limited to Defendant Operational Solutions, Inc.; First Request for Production of Documents and Other Things of Plaintiff Sweet Craft Limited Directed to Defendant Operational Solutions, Inc.; First Interrogatories of Plaintiff Sweet Craft Limited Directed to Defendant Kent Goss; and the First Request of Production of Documents and Other Things of Plaintiff Sweet Craft Limited Directed to

---

[4] Cert. of Service, ECF No. 12.

[5] Notice of Videotaped Deposition Duces Tecum of Designated Authorized Representative of Operational Solutions, Inc., ECF No. 14.

[6] *See* E-mail from Tony Gosserand to Micheal Skidgel at 12, ECF No. 15-1.

[7] *See* Dep. Transcript, ECF No. 15-4.

[8] Unopposed Mot. of Pl. to Compel Disc., for Sanctions, and to Enlarge Scheduling Order Deadlines, ECF No. 15.

Defendant Kent Goss.[9] The court also ordered the parties to confer about rescheduling Operational Solutions' deposition, which was to take place no later than thirty calendar days from the date of the order. The court also ordered Operational Solutions to produce, without objection, all documents sought in the deposition notice.

Additionally, the court also granted in part and denied in part plaintiff's request for sanctions. Like the present motion before the court, plaintiff's prior request for sanctions included the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A), which amounted to a sanction precluding defendants from defending this suit. Applying the factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*,[10] the court concluded that these sanctions were not yet appropriate. However, the court required Operational Solutions to pay plaintiff's reasonable expenses, including attorney fees, incurred as a result of the missed deposition. The court directed the parties to confer and attempt to reach an agreement regarding the appropriate amount of fees and expenses. The court also cautioned defendants that any further failure to participate in discovery may result in severe sanctions, including a recommendation of default judgment.

According to plaintiff's motion, the parties conferred on January 22, 2015, and on January 28, 2015. During those discussions, plaintiff claims that defense counsel stated his intent to comply with the court orders regarding discovery. However, plaintiff states that a short time later, defense counsel informed plaintiff that he would not respond to any discovery. Plaintiff's motion indicates that to date, defendants have failed to respond as ordered to any of plaintiff's discovery requests and have failed to provide dates for Operational Solutions' deposition. In response, defendants admit they have not responded to any of plaintiff's discovery requests or provided any dates for Operational Solution's deposition.

---

[9] Order at 2, ECF No. 16.

[10] 965 F.2d 916, 921 (10th Cir. 1992).

**II.     Discussion**

When a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection, the court may impose sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).[11] Those sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party;

Plaintiff asks that the court: order the matters embraced in the unanswered discovery be taken as established for purposes of this action; prohibit defendants from supporting their defenses and from opposing plaintiff's claims; prohibit defendants from introducing evidence in support of their defenses or in opposition to plaintiff's claims; order that defendants' pleadings be stricken in whole; and enter default judgment against defendants.

Plaintiff does not specify why it seeks these particular sanctions, many of which appear unnecessary if default judgment is rendered against defendants. The court retains broad discretion to impose the proper sanction to insure litigants and their counsel "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."[12] In

---

[11] Fed. R. Civ. P. 37(d)(3).

[12] *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011).

the undersigned's discretion, default judgment is the appropriate sanction considering defendants' conduct. It is the most severe sanction plaintiff seeks, and it fulfills the purpose of punishing defendants for their conduct and deterring litigation abuse.

In *Ehrenhaus v. Reynolds*, the Tenth Circuit set out factors to consider when evaluating the appropriateness of dismissal as a sanction.[13] This district has also applied the *Ehrenhaus* factors when considering whether to render default judgment against a defendant.[14] Those factors include:

> (1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[15]

In this case, all of the *Ehrenhaus* factors weigh in favor of recommending default judgment be rendered against defendants. With regard to the first factor, defendants' actions have prejudiced plaintiff by causing delay and increased attorney fees.[16] Plaintiff's counsel has appeared for a deposition for which Operational Solutions failed to appear, prepared two motions for sanctions related to defendants' failure to participate in discovery, and spent time conferring with defense counsel in an attempt to obtain discovery. Plaintiff also states that defendants'

---

[13] 965 F.2d 916, 921 (10th Cir. 1992) (quoting *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).

[14] *See, e.g., AZ DNR, LLC v. Luxury Travel Brokers, Inc.*, No. 13-2599-JWL, 2014 WL 5430224, at *7 (D. Kan. Oct. 24, 2014) (applying the *Ehrenhaus* factors when considering whether to affirm a magistrate judge's recommendation of entering default judgment against defendants as a sanction for their failure to comply with court orders).

[15] *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted).

[16] *See id.* (finding that a party's actions prejudice the opposing party when they cause delay and result in "mounting attorney's fees"). *See also AZ DNR*, 2014 WL 5430224, at *8 (finding that plaintiff suffered prejudice in having the case delayed by defendant in having to litigate the various issues arising from the defendant's conduct in the litigation).

5

actions have precluded it from developing a proper strategy for prosecuting its claims. The degree of actual prejudice weighs in favor of rendering default judgment against defendants.

Defendants' actions have interfered with the judicial process. The court has now addressed two motions involving defendants' failure to participate in discovery and has had to extend scheduling order deadlines because of defendants' conduct.[17] Defendants' actions have delayed proceedings in this case and have taken up the court's time. Therefore, the second factor weighs in favor of rendering default judgment against defendants.

With regard to the third and fourth factors, defendants' culpability is substantial, and the court previously warned defendants that any further failure to participate in discovery may result in default judgment. Defendants have engaged in a practice of willfully ignoring requests for discovery, as detailed above. They have, without explanation, violated the court's January 2015 order requiring them to respond to discovery requests and requiring Operational Solutions to produce a corporate representative for deposition. In response to the motion for sanctions, they offer no explanation for their actions and no promise to participate in discovery in the future. These factors weigh in favor of rending default judgment against defendants.

Finally, in light of defendants' conduct in this case, lesser sanctions would be insufficient. In the January 2015 order, the court imposed monetary sanctions and required defendants to provide the discovery sought. Despite this, defendants failed to comply. For the reasons outlined above, the magistrate judge respectfully recommends that the district judge render default judgment against defendants in an amount to be determined by the district judge.

Pursuant to 28 U.S.C.§636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, the parties shall have fourteen (14) days after service of a copy of this Report and Recommendations to file

---

[17] *See* Order Amending Scheduling Order, ECF No. 17.

any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Accordingly,

**IT IS SO ORDERED.**

Dated this 25th day of March, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
