IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SWEET CRAFT LIMITED,

          Plaintiff

vs.                                           Case No. 14-2187-SAC

OPERATIONAL SOLUTIONS, INC.,
and KENT GOSS,

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the Magistrate Judge's report and recommendation filed March 25, 2015. (Dk. 20). It recommends granting the plaintiff's motion for sanctions (Dk. 18) and "rendering default judgment against the defendants in an amount to be determined by the district judge." (Dk. 20, p. 6). The defendants have filed no objections and have waived their right to de novo review pursuant to 28 U.S.C. § 636(b)(1). The plaintiff has filed a response asking the district court to enter default judgment against the defendants on all claims and to conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine the amount of damages and to investigate other matters necessary for entering an effective default judgment. (Dk. 21). In the body of its pleading, the plaintiff also asks the court to grant it leave to amend its complaint adding a new defendant and new claims against all defendants. (Dk. 21, p. 2).

After reviewing the record, the district court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation as filed. The court grants default judgment against the defendants and for the plaintiff on the claims as pled. Default judgment is imposed as a proper and appropriate sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) for all the reasons stated in the report and recommendation.

In the absence of a proper motion to amend/add, the court will not consider or grant the other relief most recently suggested in the plaintiff's response. The plaintiff's complaint seeks to recover a sum certain for the wired funds in the amount of $166,923.55, but it also prays for other forms of relief (lost profits, lost business opportunities, damage to business reputation, and additional costs and expenses) which are not a sum certain and are not readily capable of mathematical calculation. "A court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (internal quotation marks and citation omitted).  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in part:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The burden is on the plaintiff to provide evidence in support of its damage claims. *Jennings v. River*, 394 F.3d 850, 853 (10th Cir. 2005). After entry of the default judgment, "a defendant cannot defend a claim on the merits." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 n. 11 (10th Cir.) (citation omitted), *cert. denied*, 540 U.S. 1089 (2003); see *Meitler Consulting, Inc. v. Dooley*, 2007 WL 1834008 at *7 n.37, *8 n.39 (D. Kan. 2007) (entry of Rule 37(b) default judgment generally establishes liability for each pled action, for the defendant is deemed to have admitted all well-pled allegations other than allegations on damages).

The court refers the case to the Magistrate Judge to conduct any hearings necessary pursuant to Fed. R. Civ. P. 55(b)(2) and to submit a report and recommendation on the amount of compensatory damages and other relief to which the plaintiff is entitled based on the actions as pled for which default judgment is hereby entered.

IT IS THEREFORE ORDERED that the court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation filed March 25, 2015 (Dk. 20), and default judgment on liability is granted for the plaintiff and entered against the defendants on the actions as pled in the complaint;

IT IS FURTHER ORDERED that the plaintiff's response is granted insofar as asking for default judgment on the actions pleaded and is denied insofar as asking for leave to add new claims and parties (Dk. 21);

      IT IS FURTHER ORDERED that the case is referred to the Magistrate Judge to conduct any hearings necessary pursuant to Fed. R. Civ P. 55(b)(2) and to make a report and recommendation on the appropriate amount of compensatory damages and other equitable relief to which the plaintiff is entitled based on the default judgment.

      Dated this 16th day of April, 2015, Topeka, Kansas.

                              s/Sam A. Crow  
                              Sam A. Crow, U.S. District Senior Judge